IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YUNAKA BROWN, § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO.: |
| v. § | 2:22-cv-323-RAH-SRW |
| § | |
| SMART Alabama, LLC, § | JURY DEMAND |
| Defendant. § | |



**COMPLAINT**

## I. INTRODUCTION

1. This is an action for declaratory judgment, injunctive relief, equitable relief and monetary relief instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as amended, providing for relief against gender discrimination and retaliation in employment.

## II. JURISDICTION

2. The jurisdiction of this Court is invoked under the Act of Congress known as Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and 42 U.S.C. §2000e. The Court has jurisdiction of the subject of this action according to 28 U.S.C. §§1331, 1343(a) (4), 2201 & 2202.

1

## III. PARTIES

3. Plaintiff, Yunaka Brown, is a female citizen of the United States and a resident of Alabama. Defendant employed Plaintiff as a Welder/Assembly employee at the Luverne, Alabama location at all times relevant to this lawsuit. Plaintiff has fulfilled all conditions requisite to the institution of this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

4. Defendant SMART Alabama, LLC, (hereinafter "SMART Alabama"), is subject to suit under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

## IV. STATEMENT OF FACTS

5. Defendant employed Plaintiff as a Welder/Assembly employee.

6. In or around late April of 2021, a male employee showed Plaintiff a sexually explicit photograph and made sexually charged statements to her.

7. Plaintiff told the male employee this was inappropriate and asked him to stop.

8. Plaintiff immediately reported this behavior to Rex Qaualls, Defendant's Assembly Supervisor.

9. Management only asked Plaintiff to forgive the offender and forget about the incident.

10. Plaintiff then requested that Defendant take action against the offending

male employee.

11. Instead of punishing said offending male employee, the Defendant terminated Plaintiff's employment.

## V. COUNT ONE: VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT (GENDER DISCRIMINATION (SEXUAL HARASSMENT)

12. Plaintiff brings her gender-based claim of discrimination against Defendants under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991".

13. Plaintiff adopts and re-alleges Paragraphs 2-11 above as if fully set forth herein.

14. Plaintiff is a female.

15. Plaintiff was discriminated against and harassed because of her sex. Due to her gender, the Plaintiff experienced harassment.

16. Said harassment created a sexually hostile work environment.

17. The harassment was unwelcome, was severe and or pervasive, and it affected the terms and conditions of the Plaintiff's employment.

18. As a result, Plaintiff suffered loss in compensation, opportunities for advancement, emotional distress, embarrassment, and humiliation.

## VI. COUNT ONE: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT (RETALIATION)

19. Plaintiff brings her gender-based claim of retaliation against

Defendants under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991".

20. Plaintiff adopts and re-alleges Paragraphs 2-4 and 6-11 above as if fully set forth herein.

21. Plaintiff engaged in a protected activity by reporting unwelcome and unlawful sexual harassment and or gender discrimination to Defendant.

22. Shortly after Plaintiff's complaints, Defendant terminated her employment.

23. The temporal proximity between Plaintiff's complaint and her termination indicates a causal connection between the two instances.

24. As a result, Plaintiff suffered loss in compensation, opportunities for advancement, emotional distress, embarrassment, and humiliation.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

   a) Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant as applied to Plaintiff are violative of the rights of Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the ▯Civil Rights Act of 1991", 42 U.S.C. ▯2000e et seq;

   b) Enter an order requiring the defendant to make Plaintiff whole by awarding her the position(s) she would have occupied in the absence of its discrimination, back-pay (plus interest), punitive and compensatory damages and/or nominal damages, and benefits; and,

   c) Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

Dated: May 26, 2022

Respectfully submitted,

**ERIC C. SHEFFER**
esheffer@wigginschilds.com
**WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, AL 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY**

/s/ Eric Sheffer
**OF COUNSEL**