IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YUNAKA BROWN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:22-cv-323-RAH-SRW |
| | ) |
| SMART Alabama, LLC, | ) |
| | ) |
| **Defendant.** | ) |

## ANSWER AND DEFENSES OF SMART ALABAMA, LLC

Defendant SMART Alabama, LLC ("SMART" or "Defendant") submits the following in response to the allegations made by Yunaka Brown ("Plaintiff") in the Complaint filed in the above-captioned matter. Defendant responds to the corresponding number paragraphs of the complaint as follows:

### I.  INTRODUCTION

1. In response to paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to bring an action under Title VII of the Civil Rights Act of 1964 for alleged gender discrimination and retaliation. Defendant denies that violations of Title VII of the Civil Rights Act of 1964 have occurred and denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## II.   JURISDICTION

2. In response to paragraph 2 of the Complaint, Defendant admits that this Court has jurisdiction over claims properly brought under the cited statutes, but denies that any violation of the cited statutes occurred.

## III.   PARTIES

3. In response to paragraph 3 of the Complaint, Defendant admits that Plaintiff is a female citizen of the United States and, upon information and belief, a resident of the State of Alabama. Defendant admits that Plaintiff was assigned to work at its Luverne, Alabama location by her employer, Express Personnel. Defendant admits that Plaintiff has filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and has received a Notice of Right to Sue. Except as expressly admitted herein, Defendant denies the allegations contained in the paragraph.

4. In response to paragraph 4 of the Complaint, Defendant admits that it is an employer subject to suit under Title VII of the Civil Rights Act of 1964. Except as expressly admitted herein, Defendant denies the allegations contained in the paragraph.

## IV.   STATEMENT OF FACTS

5. In response to paragraph 5 of the Complaint, Defendant admits that Plaintiff was assigned to work at its Luverne, Alabama location as a welder/assembly employee through her employer, Express Personnel. Except as

expressly admitted herein, Defendant denies the allegations contained in the paragraph.

6. In response to paragraph 6 of the Complaint, Defendant admits that Plaintiff contends that a male employee showed her a photograph that she considered to be inappropriate. Except as expressly admitted herein, Defendant denies the allegations contained in the paragraph.

7. In response to paragraph 7 of the Complaint, Defendant is without sufficient information to admit or deny the allegations contained in the paragraph and therefore denies the allegations contained in the paragraph.

8. In response to paragraph 8 of the Complaint, Defendant admits that Plaintiff reported a male employee showing her a photograph to Rex Qualls. Except as expressly admitted herein, Defendant denies the allegations contained in the paragraph.

9. In response to paragraph 9 of the Complaint, Defendant denies the allegations contained in the paragraph.

10. In response to paragraph 10 of the Complaint, Defendant denies the allegations contained in the paragraph.

11. In response to paragraph 11 of the Complaint, Defendant denies the allegations contained in the paragraph.

## V.   COUNT ONE: VIOLATIONS OF TITLE VII OF THE CIVIL ACT (GENDER DISCRIMINATION (SEXUAL HARASSMENT))

12. In response to paragraph 12 of the Complaint, Defendant admits that Plaintiff brings a gender discrimination claim under Title VII of the Civil Rights Act of 1964. Except as expressly admitted herein, Defendant denies the allegations of the paragraph.

13. In response to paragraph 13 of the Complaint, Defendant incorporates its responses to paragraphs 1-12 above as though fully set forth herein.

14. In response to paragraph 14 of the Complaint, Defendant admits that Plaintiff is a female. Except as expressly admitted herein, Defendant denies the allegations of the paragraph.

15. In response to paragraph 15 of the Complaint, Defendant denies the allegations contained in the paragraph.

16. In response to paragraph 16 of the Complaint, Defendant denies the allegations contained in the paragraph.

17. In response to paragraph 17 of the Complaint, Defendant denies the allegations contained in the paragraph.

18. In response to paragraph 18 of the Complaint, Defendant denies the allegations contained in the paragraph.

## VI.     COUNT ONE: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT (RETALIATION)

19.     In response to paragraph 19 of the Complaint, Defendant admits that Plaintiff brings a retaliation claim under Title VII of the Civil Rights Act of 1964. Except as expressly admitted herein, Defendant denies the allegations of the paragraph.

20.     In response to paragraph 20 of the Complaint, Defendant incorporates its responses to paragraphs 1-19 above as though fully set forth herein.

21.     In response to paragraph 21 of the Complaint, Defendant admits that Plaintiff reported a photograph shown to her by another employee. Except as expressly admitted herein, Defendant denies the allegations of the paragraph.

22.     In response to paragraph 22 of the Complaint, Defendant admits that it terminated Plaintiff's temporary assignment. Except as expressly admitted herein, Defendant denies the allegations of the paragraph.

23.     In response to paragraph 23 of the Complaint, Defendant denies the allegations contained in the paragraph.

24.     In response to paragraph 24 of the Complaint, Defendant denies the allegations contained in the paragraph.

## VII.   PRAYER FOR RELIEF

In response to the Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Some or all of the claims of the Plaintiff's Complaint fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff has failed to satisfy the prerequisites, jurisdictional or otherwise, to bringing some or all of the claims alleged in her Complaint.

### THIRD DEFENSE

Some or all of the claims in the Plaintiff's Complaint are barred by the limitations period and/or laches.

### FOURTH DEFENSE

Some or all of the claims alleged in the Plaintiff's Complaint and the relief sought are barred by the doctrines of justification, waiver, estoppel, and/or unclean hands.

### FIFTH DEFENSE

Some or all of Plaintiff's claims are barred because of her failure to satisfy the administrative prerequisites to suit required by Title VII.

### SIXTH DEFENSE

Some or all of Plaintiff's claims are barred because they are outside the scope of Plaintiff's Charges of Discrimination filed with the EEOC.

## SEVENTH DEFENSE

Some or all of the claims alleged in the Plaintiff's Complaint and the relief sought are foreclosed because Plaintiff has not done equity.

## EIGHTH DEFENSE

All of the decisions and/or actions challenged as discriminatory and/or retaliatory in the Complaint were undertaken for legitimate, non-discriminatory, non-retaliatory reasons.

## NINTH DEFENSE

In the alternative to the Eighth Defense, some or all of the decisions and/or actions challenged as discriminatory in the Complaint would have been undertaken even had Plaintiff not had the protected status alleged and/or had not undertaken the protected conduct alleged.

## TENTH DEFENSE

Defendant is not guilty of unlawful retaliation against Plaintiff.

## ELEVENTH DEFENSE

Plaintiff was not subjected to any form of actionable discrimination or harassment.

## TWELFTH DEFENSE

Defendant is not liable for the activities alleged because Defendant had in place appropriate policies against harassment and discrimination and adequate

48157958 v1

7

procedures to receive and remedy complaints, and Plaintiff unreasonably failed to take advantage of these policies.

### THIRTEENTH DEFENSE

Plaintiff engaged in no protected activity, or, alternatively would have been treated no differently even had she not engaged in the protected activity alleged.

### FOURTEENTH DEFENSE

Plaintiff cannot establish *prima facie* cases of discrimination, harassment or retaliation.

### FIFTEENTH DEFENSE

Plaintiff has failed to mitigate her damages or monetary relief sought.

### SIXTEENTH DEFENSE

Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the applicable doctrines of waiver, consent, acquiescence, release, and accord and satisfaction.

### EIGHTEENTH DEFENSE

Temporal and/or amount limitations confine the monetary relief sought by Plaintiff.

## NINETEENTH DEFENSE

Defendant did not act willfully or in reckless disregard of Plaintiff's federally protected rights.

## TWENTIETH DEFENSE

Plaintiff fails to state claims against Defendant that would warrant the award of punitive damages.

## TWENTY-FIRST DEFENSE

Plaintiff is not entitled to punitive damages since none of the actions taken by Defendant relative to Plaintiff were taken maliciously, intentionally, in bad faith or with callous or reckless disregard for Plaintiff's federally protected rights.

## TWENTY-SECOND DEFENSE

In the alternative to the above defense, the punitive relief claims by Plaintiff violate the United States and State of Alabama's Constitutions.

## TWENTY-THIRD DEFENSE

To the extent Plaintiff's Complaint could be interpreted to raise a demand for punitive damages, this demand violates the Constitution and/or common law or public policies of the United States on the following grounds:

a. It is a violation of the Due Process and Equal Protection Clauses of the 14th Amendment to impose punitive damages, which are penal in nature, against a

civil defendant, upon either plaintiff satisfying a burden of proof that is less than beyond a reasonable doubt standard required in criminal cases.

  b. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of punitive damages against a defendant, which violates this defendant's rights to Due Process guaranteed by the United States Constitution.

  c. The procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the 14th Amendment of the United States Constitution.

  d. The procedures pursuant to which punitive damages are awarded result in the imposition of different or disparate penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the 14th Amendment of the United States Constitution and defendant's Due Process rights.

  e. Any claim for punitive damages cannot be sustained because an award of punitive damages under existing standards violates rights guaranteed by the 5th, 8th, and 14th Amendments to the United States Constitution.

  f. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the 8th Amendment of the United States Constitution and in violation of defendant's Due Process rights.

g. Plaintiff's claims for punitive damages against Defendant cannot be sustained because any award of punitive damages would violate Defendant's Due Process rights inasmuch as juries are not guided by adequate or specific standards concerning the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

h. The claim of punitive damages, and the provisions of law governing the right to recover punitive damages, are unconstitutionally vague, and definite and uncertain, and deprive this defendant of due process of law.

i. Plaintiff's claims of punitive damages, and the provisions of law governing any right to recover punitive damages under the allegations made in the Complaint, caused Defendant to be treated differently from other similarly-situated persons and/or entities by subjecting defendant to liability beyond actual loss, if any, caused by any act or omission, if any, and to liability determined without clearly defined principles, standards, and limits on the amounts of such awards.

j. Plaintiff is not entitled to recover punitive damages under the circumstances alleged, if based on current standards of civil litigation would violate the self-incrimination clause of the 5th Amendment to the United States Constitution to impose against defendant punitive damages, which are penal in nature, yet compelled Defendant to disclose potentially incriminating evidence.

k.  An award of punitive damages in this case would cause a deprivation of property without due process of law.

l.  The procedures pursuant to which punitive damages are awarded under the statutes alleged are not rationally related to legitimate government interests.

m.  The procedures pursuant to which punitive damages are awarded subject Defendant to punishment under a law not fully established before the alleged offense.

n.  The 11th Amendment of the United States Constitution prohibits plaintiff's recovery of damages or of any other monetary relief in this action.

## TWENTY-FOURTH DEFENSE

None of the unlawful acts alleged by Plaintiff occurred within the line and scope of any of Defendant's employees' employment.

## TWENTY-FIFTH DEFENSE

Defendant did not authorize, condone, or ratify any improper or unlawful conduct.

## TWENTY-SIXTH DEFENSE

Some of Plaintiff's claims are barred by contributory negligence.

## TWENTY-SEVENTH DEFENSE

There is no "but for" causal connection between the alleged protected activity and the alleged adverse action.

## TWENTY-EIGHTH DEFENSE

Defendant is not liable for any of the state law claims alleged.

## TWENTY-NINTH DEFENSE

Some of Plaintiff's claims are barred by assumption of risk.

## THIRTIETH DEFENSE

Defendant expressly denies all allegations not specifically admitted herein.

## THIRTY-FIRST DEFENSE

Defendant reserves the right to add any and all affirmative defenses applicable hereto which are not at this time ascertained, but will be added by amendment once they are identified.

*/s/ Kathryn M. Willis*
KATHRYN M. WILLIS
INGU HWANG

ATTORNEYS FOR DEFENDANT,
SMART ALABAMA, LLC

**OF COUNSEL:**

Kathryn M. Willis
BURR & FORMAN LLP
11 North Water Street, Suite 22200
Mobile, AL 36602
Telephone  (251) 344-5151
Facsimile (251) 344-5656
Email:  kwillis@burr.com

48157958 v1

13

Ingu Hwang
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone (205) 251-3000
Facsimile (205) 458-5100
Email: ihwang@burr.com

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 6th day of July, 2022:

    Eric C. Sheffer, Esq.
    Wiggins, Childs, Pantazis,
     Fisher & Goldfarb, LLC
    The Kress Building
    301 19th Street North
    Birmingham, Alabama 35203

                                */s/ Kathryn M. Willis*
                                OF COUNSEL